UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Sandra Stenson, | No. 2:22-cv-00222-KJM-JDP |
| Plaintiff, | ORDER |
| v. | |
| Lodi Skilled Nursing Services Inc., doing business as Fairmont Rehabilitation Hospital, et al., | |
| Defendants. | |

    Plaintiff Sandra Stenson alleges two residents in the defendants' skilled nursing facility contracted COVID-19, leading to their premature deaths. *See* Compl. ¶¶ 1–5, ECF No. 2-1. She asserts claims for elder abuse, health and safety violations, negligence, willful misconduct, and wrongful death under California law. *See id.* ¶¶ 37–79.

    The defendants removed this action from the San Joaquin County Superior Court in February of this year. *See generally* Not. Removal, ECF No. 1. Stenson moves to remand. *See generally* Mot. Remand, ECF No. 11. The defendants opposed, and the court submitted the motion without oral argument. *See generally* Opp'n, ECF No. 12; Min. Order, ECF No. 14.

    A defendant may remove a matter to federal court if the district court would have had original jurisdiction. *See* 28 U.S.C. § 1441(a); *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 393

(1987). "The removing defendant bears the burden of overcoming the 'strong presumption against removal jurisdiction.'" *Hansen v. Grp. Health Coop.*, 902 F.3d 1051, 1057 (9th Cir. 2018) (citation omitted). "The strong presumption against removal jurisdiction" means that "the court resolves all ambiguity in favor of remand to state court." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (citation omitted).

District courts assess removals based on federal question jurisdiction under the well-pleaded complaint rule. *Id.* A well-pleaded complaint must present a federal question on the face of the plaintiff's complaint. *Caterpillar, Inc.*, 482 U.S. at 398–99. Generally, a case cannot be removed based on an anticipated federal defense. *Id.* at 399. "Notwithstanding this rule, when a federal statute wholly displaces state law and provides the exclusive cause of action for a plaintiff's requested relief, [the court] must 'recharacterize a state law complaint . . . as an action arising under federal law.'" *Hawaii ex rel. Louie v. HSBC Bank Nevada, N.A.*, 761 F.3d 1027, 1034 (9th Cir. 2014) (alteration in original) (quoting *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 64 (1987)). A federal question may therefore arise if a federal law "completely preempts" a state cause of action. *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 24 (1983). A federal question may also arise under the "embedded federal question doctrine." *Saldana v. Glenhaven Healthcare LLC*, 27 F.4th 679, 688 (9th Cir. 2022). Under this doctrine, "federal jurisdiction over a state law claim will lie if a federal issue is (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Id.* (quoting *Gunn v. Minton*, 568 U.S. 251, 258 (2013)); *see also Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005).

The defendants advance three theories of this court's jurisdiction. First, they argue Stenson's state-law claims arise under federal law because the Public Readiness and Emergency Preparedness (PREP) Act completely preempts her state law claims. *See* Not. Removal at 5–28 (citing 42 U.S.C. §§ 247d-6d, 247d-6e); Opp'n at 6–12 (same). Second, the defendants argue this action involves an embedded federal issue under *Gunn* and *Grable*. *See* Not. Removal at 28–30;

1  Opp'n at 13.  Third, the defendants argue this court has jurisdiction under the federal officer
2  removal statute, 28 U.S.C. § 1442(a)(1).  *See* Not. Removal at 31–49; Opp'n at 14–20.
3          The Ninth Circuit and several other federal appellate courts have rejected these and other
4  similar arguments.  *See generally Saldana*, 27 F.4th 679 (affirming remand of claims by relatives
5  of a nursing home resident who allegedly died due to complications of COVID-19; rejecting
6  nursing home's jurisdictional arguments based on the PREP Act, the federal officer removal
7  statute, and an embedded federal question); *see also, e.g.*, *Mitchell v. Advanced HCS, L.L.C.*,
8  28 F.4th 580 (5th Cir. 2022); *Buljic v. Tyson Foods, Inc.*, 22 F.4th 730 (8th Cir. 2021); *Maglioli*
9  *v. All. HC Holdings LLC*, 16 F.4th 393 (3d Cir. 2021).  The Ninth Circuit's decision in *Saldana* is
10 binding, and the other circuit courts' decisions referenced above reinforce the conclusion that this
11 action cannot be maintained in a federal court.  The defendants do not acknowledge these
12 decisions, let alone explain why they are neither binding nor persuasive.
13         The motion to remand (ECF No. 11) is **granted**.  This action is **remanded** to the
14 California Superior Court for San Joaquin County.
15         IT IS SO ORDERED.
16 DATED:  May 20, 2022.

                                                                           CHIEF UNITED STATES DISTRICT JUDGE